2008 ND 224

Clarice A. BRUMMUND, Plaintiff and Appellant

v.

Carlton D. BRUMMUND, Defendant and Appellee.

No. 20080170.

Supreme Court of North Dakota.

Dec. 16, 2008.

Patti J. Jensen, Galstad, Jensen & Olson, P.A., East Grand Forks, MN, for plaintiff and appellant.

Erin A. Muldoon Haug, Ohnstad Twichell, P.C., West Fargo, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] Clarice Brummund appealed from a district court judgment interpreting a prenuptial agreement. We conclude we do not have jurisdiction and dismiss the appeal.

I

[¶ 2] Clarice and Carlton Brummund were married in March 1994. Prior to their marriage, they entered into a pre-

nuptial agreement which included a listing of the property brought into the marriage by each party. Included in that property listing was farmland in Dickey County owned by Carlton Brummund.

[¶ 3] Clarice Brummund brought this action for divorce in 2007, seeking an equitable division of the parties' property and an award of spousal support from Carlton Brummund. The parties agreed to bifurcate the issue of the interpretation of the prenuptial agreement, and a hearing was held on that issue. The primary dispute regarding the prenuptial agreement was whether it applied to the appreciation in value of Carlton Brummund's farmland during the duration of the marriage. The district court concluded that the prenuptial agreement was unambiguous and applied to the appreciation in value of the farmland. Judgment was entered ordering that "the parties may maintain their own, separate property as set forth in the unambiguous language of the [sic] listed in Exhibit A of the Antenuptial Marital Property Agreement." The judgment states that "there is no just reason for delay in the entry of final judgment" and that it "is final pursuant to Rule 54(b) of the North Dakota Rules of Civil Procedure."

## II

[¶ 4] Before we consider the merits of an appeal, we must determine whether we have jurisdiction. *North Dakota State Elec. Bd. v. Boren*, 2008 ND 182, ¶ 4, 756 N.W.2d 784; *Buchholz v. Barnes County Water Bd.*, 2008 ND 158, ¶ 5, 755 N.W.2d 472; *Sanderson v. Walsh County*, 2006 ND 83, ¶ 4, 712 N.W.2d 842. The right to appeal is a jurisdictional matter and, even if the parties do not raise the issue of appealability, we must dismiss the appeal on our own motion if we conclude we do not have jurisdiction. *Buchholz*, at

¶ 5; *In re A.B.*, 2005 ND 216, ¶ 5, 707 N.W.2d 75.

[¶ 5] Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable. *In re A.B.*, 2005 ND 216, ¶ 5, 707 N.W.2d 75; *Choice Fin. Group v. Schellpfeffer*, 2005 ND 90, ¶ 6, 696 N.W.2d 504. Under N.D.R.Civ.P. 54(b), the district court is authorized to enter a final judgment adjudicating fewer than all of the claims of all of the parties if the court expressly determines that there is no just reason for delay and expressly directs the entry of judgment. *Choice Fin. Group*, at ¶ 7. The district court in this case invoked Rule 54(b) and certified the judgment as final. On appeal, this Court is not bound by the district court's Rule 54(b) certification, and we will review the district court's decision, employing the abuse of discretion standard, to determine whether certification was improvidently granted. *Choice Fin. Group*, at ¶ 7; *Public Serv. Comm'n v. Wimbledon Grain Co.*, 2003 ND 104, ¶ 7, 663 N.W.2d 186. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Martin v. Trinity Hosp.*, 2008 ND 176, ¶ 17, 755 N.W.2d 900; *Choice Fin. Group*, at ¶ 7.

[¶ 6] We have cautioned that certification under Rule 54(b) should not be routinely granted, but is reserved for those cases involving unusual circumstances where failure to allow an immediate appeal would create demonstrated prejudice or hardship:

Certification under N.D.R.Civ.P. 54(b) is available only in the " 'infrequent harsh case' " warranting the extraordinary remedy of an otherwise interlocutory ap-

peal. For Rule 54(b) certification to be valid, the party seeking certification must demonstrate that without it prejudice or hardship will result, such that the case's circumstances are "'unusual and compelling'" or "'out-of-the-ordinary.'"

*Mann v. North Dakota Tax Comm'r*, 2005 ND 36, ¶ 12, 692 N.W.2d 490 (quoting *Dimond v. State ex rel. State Bd. of Higher Educ.*, 1999 ND 228, ¶ 15, 603 N.W.2d 66).

[¶ 7] The burden is upon the party seeking Rule 54(b) certification to demonstrate extraordinary circumstances or unusual hardship. *Wimbledon Grain*, 2003 ND 104, ¶ 8, 663 N.W.2d 186. Furthermore, when determining whether to certify the judgment as final under Rule 54(b), the district court "must consider the strong policy against piecemeal appeals and must delineate the unusual or compelling circumstances requiring interlocutory appellate review." *Id.* The court must do more than merely recite the language of the rule:

[I]n granting the certification, the trial court merely repeated the language of Rule 54(b). We have explained that when the lower court certifies an appeal it must "delineate unusual or compelling circumstances justifying Rule 54(b) certification," rather than simply parrot the language of the rule. *Sickler v. Kirkwood*, 1997 ND 40, ¶¶ 6–7, 560 N.W.2d 532. The court below did not justify the certification in any way; it did not delineate a single unusual or compelling factor presented by this case that would distinguish it from any other interlocutory appeal. Thus the court below did not comply adequately with our standards.

*Dimond*, 1999 ND 228, ¶ 16, 603 N.W.2d 66.

[¶ 8] In this case, the district court merely cited the language of the rule in the judgment. At the hearing, neither the court nor the parties noted any unusual or compelling circumstances warranting an interlocutory appeal; nor did they suggest that failure to certify the judgment as final would create any prejudice or hardship to any party. There has been no showing of circumstances that distinguish this case "from any other interlocutory appeal." *Dimond*, 1999 ND 228, ¶ 16, 603 N.W.2d 66.

[¶ 9] Furthermore, we have cautioned that Rule 54(b) certification is only appropriate if the judgment certified fully decides an entire claim. In *Choice Fin. Group*, this Court concluded that Rule 54(b) certification was improvidently granted when the district court found a party liable on a personal guaranty of a corporate note up to a certain dollar amount, but reserved ruling on his liability on the guaranty for the remaining portion of the note. We explained:

Federal courts construing Fed.R.Civ.P. 54(b) have consistently held that, where partial summary judgment is rendered with respect to only part of the damages sought by the plaintiff and consideration of further damages is reserved for a later date, the judgment is neither final nor on an entire claim, and there can be no certification of the partial summary judgment as final under Rule 54(b). For a "final judgment to be entered on any one claim, all damages stemming from that claim must be fixed," and "the district court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed." [*International Controls Corp. v.]* Vesco*, [535 F.2d 742, 748 (2d Cir.1976)]. A judgment "cannot be considered final as long as it leaves open the question of additional damages." *Id.; Dunlop Tire [Corp. v. Arch*, 784 So.2d 1056, 1059 (Ala.Civ.App.

2000) ]. Where liability rests on the same transaction, an award of some damages, with additional damages reserved, does not constitute a separate claim under Rule 54(b), but "is simply an example of an attempt to split a cause of action." *Sussex Drug Prods. [v. Kanasco, Ltd.,* 920 F.2d 1150, 1155 (3d Cir.1990) ]. *Choice Fin. Group,* 2005 ND 90, ¶ 9, 696 N.W.2d 504 (citations omitted).

[¶ 10] The judgment entered in this case merely determined that the prenuptial agreement was unambiguous and that the property listed therein, including appreciation of such property during the marriage, was governed by the agreement and would be maintained by the party who had brought the item of property into the marriage. The record indicates that the parties had acquired significant additional property during the marriage which was not covered by the prenuptial agreement and which would be subject to equitable distribution by the district court. The judgment thus resolves only one issue regarding distribution of the parties' property, and leaves significant property issues to be resolved. Thus, as in *Choice Fin. Group,* the district court's judgment does not dispose of an entire claim and Rule 54(b) certification was inappropriate.

[¶ 11] This case presents the precise type of piecemeal appeal which Rule 54(b) is specifically designed to prevent. *See Wimbledon Grain,* 2003 ND 104, ¶ 8, 663 N.W.2d 186. The district court determined only one isolated question of law without resolving entirely any claim in the divorce action, and the parties seek an immediate resolution from this Court before trying the rest of the case. Rule 54(b), however, expresses a clear preference to have cases tried to completion in the district court, with all issues brought in one appeal after entry of a final judgment disposing of all claims of all parties. Be-cause there has been no showing of unusual circumstances, prejudice, or hardship, and because the district court judgment does not adjudicate an entire claim, we conclude Rule 54(b) certification was improvidently granted and we are without jurisdiction to consider the appeal on the merits. The issues raised by the parties on this appeal may be raised in a proper appeal from the final judgment.

[¶ 12] The appeal is dismissed.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.