2012 ND 222

**Jeffrey SHANNON, Plaintiff and Appellant**

v.

**Darcie SHANNON, Defendant and Appellee.**

No. 20110340.

Supreme Court of North Dakota.

Oct. 23, 2012.

Donavin L. Grenz, Linton, N.D., for plaintiff and appellant.

Steven T. Ottmar, Jamestown, N.D., for defendant and appellee; submitted on brief.

KAPSNER, Justice.

[¶ 1] Jeffrey Shannon appealed from a district court divorce judgment and from a post-judgment order. We conclude we do not have jurisdiction, and we dismiss the appeal.

I

[¶ 2] Jeffrey and Darcie Shannon were married in 1984 and had two children. Darcie Shannon sued Jeffrey Shannon for divorce in May 2009, and Jeffrey Shannon moved out of the marital home in July

2009. The district court dismissed Darcie Shannon's divorce action in September 2009, but the parties remained separated.

[¶ 3] Jeffrey Shannon was involved in a serious automobile accident in December 2009, and Darcie Shannon was named his temporary guardian. Jeffrey Shannon's insurer refused coverage of his medical expenses arising from the accident, and Darcie Shannon transferred some of the parties' property to the parties' adult child and to Jeffrey Shannon's brother in an apparent attempt to shield marital assets from medical creditors. At the time of trial, Jeffrey Shannon's unpaid medical bills totaled approximately $135,000.

[¶ 4] Jeffrey Shannon brought this divorce action against Darcie Shannon in May 2010. At the beginning of trial, the parties stipulated that the court would reserve ruling on the $135,000 in medical debt until completion of anticipated litigation against Jeffrey Shannon's insurer and that the court would enter an interlocutory judgment. Following trial, the district court distributed the marital property other than the $135,000 medical debt and ordered Jeffrey Shannon to pay $780 per month in child support, $1,000 per month in rehabilitative spousal support for ten years, and $1,500 of Darcie Shannon's attorney fees.

[¶ 5] After Jeffrey Shannon appealed from the judgment, Darcie Shannon filed motions in the district court to alter or amend the findings and seeking leave to submit additional evidence. On temporary remand from this Court, the district court granted the motions in part and denied them in part, amending certain financial provisions in the judgment. Jeffrey Shannon appealed from the district court's post-judgment order on the motions.

## II

[¶ 6] Before we consider the merits of an appeal, we must determine whether we have jurisdiction. *Holbach v. City of Minot,* 2012 ND 117, ¶ 5, 817 N.W.2d 340; *In re Estate of Hollingsworth,* 2012 ND 16, ¶ 7, 809 N.W.2d 328. The right to appeal in this state is purely statutory, and if there is no statutory basis for an appeal we must take notice of the lack of jurisdiction and dismiss the appeal. *Holbach,* at ¶ 5; *Estate of Hollingsworth,* at ¶ 7; *City of Grand Forks v. Riemers,* 2008 ND 153, ¶ 5, 755 N.W.2d 99. Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable. *City of Mandan v. Strata Corp.,* 2012 ND 173, ¶ 5, 819 N.W.2d 557; *Brummund v. Brummund,* 2008 ND 224, ¶ 5, 758 N.W.2d 735. A judgment which does not adjudicate all claims of all of the parties is interlocutory and nonappealable unless the district court expressly certifies that the judgment is final under N.D.R.Civ.P. 54(b). *Frontier Enters., LLP v. DW Enters., LLP,* 2004 ND 131, ¶ 3, 682 N.W.2d 746.

[¶ 7] The judgment entered in this case did not adjudicate all claims of the parties, and the court did not certify the judgment as final under Rule 54(b). At the beginning of trial, after the parties agreed that the court would reserve ruling on distribution of the outstanding medical debts until anticipated litigation against Jeffrey Shannon's insurer was completed, the court asked: "So you intend and you stipulate to the entry of an interlocutory judgment?" Counsel for both parties answered affirmatively. In its memorandum opinion, the district court memorialized the parties' stipulation and expressly noted that its decision was not final:

By stipulation of the parties, the obligation for past medical services provided to Plaintiff in the amount of $134,789.59 is expressly excluded from this opinion,

and is expressly reserved by the Court until anticipated litigation of said insurance claim has been concluded. This interlocutory opinion and resulting partial judgment shall be subject to motions to amend to accomplish the same.

Thus, rather than certifying the judgment as final in accordance with N.D.R.Civ.P. 54(b), the district court unequivocally stated that it was issuing a partial, interlocutory judgment which was subject to change.

[¶ 8] We further note that any attempt to certify this judgment as final under Rule 54(b) would be rejected. This Court has held that certification under Rule 54(b) of a judgment or order resolving only part of a single claim is improvidently granted. *See Brummund*, 2008 ND 224, ¶¶ 9–10, 758 N.W.2d 735; *Choice Fin. Group v. Schellpfeffer*, 2005 ND 90, ¶ 9, 696 N.W.2d 504. We have cautioned that "Rule 54(b) certification is only appropriate if the judgment certified fully decides an entire claim." *Brummund*, at ¶ 9. We thus held in *Brummund* that a judgment which resolved only part of the property division in a divorce, but left significant property issues to be decided, did not dispose of an entire claim, and Rule 54(b) certification was therefore improvidently granted. *Brummund*, at ¶ 10.

[¶ 9] The same situation is presented here. The district court considered and distributed some of the marital property, but expressly reserved consideration of $135,000 of marital debt. In essence, the court carved out part of the property distribution for resolution at a later date. It would be impossible to determine on appeal whether the partial property division is equitable while ignoring the significant unpaid medical bills. We also note that the court found Darcie Shannon had dissipated marital assets by transferring them to the parties' adult daughter and Jeffrey

Shannon's brother in an attempt to shield the assets from medical creditors. The court's consideration of that factor might be affected when it reconsiders the property distribution and includes the outstanding medical debts.

[¶ 10] Finally, we note that "[p]roperty distribution and spousal support are interrelated and intertwined and must be considered together." *Kosobud v. Kosobud*, 2012 ND 122, ¶ 14, 817 N.W.2d 384. Under the facts in this case, the future resolution of the claim against Jeffrey Shannon's insurer and the potential distribution of up to $135,000 in medical debts could have a significant effect upon the other financial issues in the divorce and could affect the property distribution and spousal support issues raised on this appeal. When the remaining financial issues are presented to the district court, all financial aspects of the divorce will be back on the table, and the court will have discretion to decide whether to hold an additional evidentiary hearing.

[¶ 11] The judgment in this case does not adjudicate all claims of all of the parties, and the district court did not certify the judgment as final under N.D.R.Civ.P. 54(b). We conclude the judgment entered is not final and is not appealable.

[¶ 12] Jeffrey Shannon filed a separate notice of appeal from the district court's order on Darcie Shannon's post-judgment motions. The motions and order involved requested changes to the financial provisions of the divorce judgment. The order was not a final judgment or order fully deciding any claim of the parties and was not separately appealable under N.D.C.C. § 28–27–02.

III

[¶ 13] We conclude the judgment and the post-judgment order are not appeal-

able. We thus do not have jurisdiction, and we dismiss the appeal.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.