2014 ND 80

**Roland RIEMERS, Plaintiff and Appellant**

v.

**Heidee HILL and Jason D. Hill and Hannah Hill and Ashley Roesler and Hailey Marie Hill, Defendants and Appellees.**

**No. 20130407.**

Supreme Court of North Dakota.

April 29, 2014.

Roland C. Riemers, self-represented, Grand Forks, N.D., plaintiff and appellant; submitted on brief.

Timothy C. Lamb, Grand Forks, N.D., for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Roland Riemers appealed from a district court judgment dismissing his claims for unpaid rent, late fees, property damage, and punitive damages. We conclude we do not have jurisdiction and dismiss the appeal.

I

[¶ 2] Riemers leased a rental property he owned to Heidee Hill, who lived in the home with her family. After the Hills vacated the property, Riemers sued Hill, her husband, and their three children for unpaid rent, late fees, property damage, and punitive damages. The Hills filed a motion to dismiss for failure to state a claim upon which relief could be granted and, alleging Riemers' claims were frivolous, also sought attorney fees. The Hills also filed a counterclaim seeking damages for abuse of process.

[¶ 3] A hearing was scheduled on the motion to dismiss. When Riemers failed to appear at the hearing, the district court ordered that his claims be dismissed and awarded attorney fees of $500 to the Hills. Riemers filed a petition for rehearing, which was denied by the district court. Judgment was entered dismissing Riemers' claims without prejudice and ordering him to pay $500 in attorney fees.

II

[¶ 4] Before we consider the merits of an appeal, we must first determine whether we have jurisdiction. *Shannon v. Shannon,* 2012 ND 222, ¶ 6, 822 N.W.2d 35; *In re Estate of Hollingsworth,* 2012 ND 16, ¶ 7, 809 N.W.2d 328. The right to appeal is a jurisdictional matter governed purely by statute, and even if the parties do not raise the issue of appealability, we must dismiss the appeal on our own motion if there is no statutory basis for the appeal

and we are without jurisdiction. *Shannon,* at ¶ 6; *Estate of Hollingsworth,* at ¶ 7.

[¶ 5] Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable. *Shannon,* 2012 ND 222, ¶ 6, 822 N.W.2d 35. A judgment which does not adjudicate all claims of all of the parties is interlocutory and nonappealable unless the district court has expressly certified the judgment as final under N.D.R.Civ.P. 54(b). *Shannon,* at ¶ 6.

[¶ 6] In this case, the Hills filed a counterclaim for abuse of process. The counterclaim was never resolved, and the court did not certify the judgment as final under N.D.R.Civ.P. 54(b). Under Rule 54(b), if more than one claim for relief is presented, including by counterclaim, the court may direct entry of a final judgment as to fewer than all claims only if the court determines there is no just reason for delay. The purpose of Rule 54(b) is to facilitate the longstanding policy to discourage piecemeal appeals of multi-claim litigation. *Estate of Hollingsworth,* 2012 ND 16, ¶ 9, 809 N.W.2d 328 (quoting *Investors Title Ins. Co. v. Herzig,* 2010 ND 138, ¶ 24, 785 N.W.2d 863). Without a Rule 54(b) certification, a judgment which leaves a counterclaim undecided is not final or appealable. *See, e.g., Kouba v. Febco, Inc.,* 1998 ND 171, ¶ 8, 583 N.W.2d 810; *Gillmore v. Morelli,* 425 N.W.2d 369, 370 (N.D.1988); *Meyer v. City of Dickinson,* 397 N.W.2d 460, 461 (N.D.1986).

[¶ 7] The judgment in this case does not adjudicate all claims of all of the parties, and the district court did not certify the judgment as final under N.D.R.Civ.P. 54(b). Accordingly, the judgment is not final and is not appealable. Furthermore, the record on appeal does not suggest that this is the "infrequent harsh case" appropriate for Rule 54(b) certification, and certification, had it been granted, would have been improvident. *See Estate of Hollingsworth,* 2012 ND 16, ¶ 12, 809 N.W.2d 328; *Brummund v. Brummund,* 2008 ND 224, ¶¶ 5–6, 758 N.W.2d 735.

[¶ 8] We further note that the judgment dismissed Riemers' claims without prejudice. A judgment dismissing an action without prejudice is ordinarily not appealable because either side may commence another action. *E.g., White v. Altru Health Sys.,* 2008 ND 48, ¶ 5, 746 N.W.2d 173. An exception is made if the dismissal without prejudice has the practical effect of terminating the litigation in the plaintiff's chosen forum, as where the statute of limitations has run on the underlying claims. *Id.* In this case, the statute of limitations had not run on the underlying claims, and the district court in its order denying Riemers' petition for rehearing expressly noted that Riemers had the option of refiling his action.

### III

[¶ 9] We conclude the judgment in this case is not a final, appealable judgment, and we do not have jurisdiction. We therefore dismiss the appeal.

[¶ 10] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS, CAROL RONNING KAPSNER, JJ., concur.