2014 ND 94

**THARALDSON ETHANOL PLANT I, LLC and Tharaldson Financial Group, Inc., Plaintiffs and Appellants**

v.

**VEI GLOBAL, INC., f/k/a Valley Engineering, Inc., Defendant and Appellee**

and

**VEI Global, Inc., f/k/a Valley Engineering, Inc., Defendant, Third–Party Plaintiff and Appellee**

v.

**Dougherty Funding, LLC, Third–Party Defendant.**

No. 20130325.

Supreme Court of North Dakota.

May 6, 2014.

Matthew T. Collins (argued) and Nathan Sellers (on brief), Minneapolis, MN, for plaintiffs and appellants.

Jeffrey W. Coleman (argued) and Gregory S. Schwartz (on brief), Minneapolis, MN; James S. Hill (appeared) and Rebecca S. Thiem (on brief), Bismarck, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Tharaldson Ethanol Plant I, LLC ("Tharaldson Ethanol") and Tharaldson Financial Group, Inc. ("Tharaldson Financial") appeal from a judgment and amended judgment ordering Tharaldson Financial to pay VEI Global, Inc., $1,150,000 plus interest, and from an order granting certification under N.D.R.Civ.P. 54(b). We dismiss the appeal, concluding the district court should not have directed entry of a final judgment under N.D.R.Civ.P. 54(b).

I

[¶ 2] VEI provided design and construction management services for an ethanol plant owned and operated by Tharaldson Ethanol. In April 2009, Tharaldson Ethanol and VEI reached a settlement on disputed fees, agreeing Tharaldson Ethanol would pay VEI $1,350,000 for all work VEI performed through February 28, 2009. The agreement also provided Tharaldson Financial would enter into a $1,350,000 promissory note payable to VEI, and a copy of the note was attached and incorporated into the agreement. Tharaldson Financial signed the promissory note, promising to pay VEI $1,350,000 with interest, under the following terms:

A. The sum of $200,000.00 shall be paid on or before April 20, 2009.

B. The principal sum of $100,000.00 plus all accrued interest on July 1, 2009 and $100,000.00 on the first day of each month thereafter until the principal amount owed, plus all accrued interest has been reduced to $150,000.00 (Final Payment).

C. The Final Payment will only be made if Tharaldson Ethanol Plant I, LLC achieves an ethanol production rate equal to or exceeding 30,821,918 gallons of 2% denatured ethanol over a 90 day period. VEI agrees to waive the Final Payment if Tharaldson Ethanol Plant I, LLC is unable to achieve said ethanol production rate prior to April 1, 2011.

Tharaldson Ethanol deposited $1,350,000 in VEI's bank account. VEI paid Tharaldson Financial $1,350,000. Tharaldson Financial and Tharaldson Ethanol claim Tharaldson Financial made a $1,350,000 equity contribution to Tharaldson Ethanol. Tharaldson Financial made the first payment of $200,000 as required by the terms of the promissory note, but did not make any further payments on the note.

[¶ 3] In a complaint dated August 28, 2012, Tharaldson Ethanol and Tharaldson

Financial sued VEI, claiming VEI negligently designed and constructed the ethanol plant. The complaint sought damages for breach of warranty, breach of contract, and negligence claims; and sought a declaratory judgment that Tharaldson Ethanol and Tharaldson Financial do not owe VEI anything under the settlement agreement or promissory note because of damages VEI caused by its breaches of contract and warranty and other wrongful acts. VEI answered and counterclaimed, including a breach of contract claim against Tharaldson Financial for failing to make payments on the promissory note.

[¶ 4] On April 12, 2013, VEI moved for partial summary judgment, arguing it was entitled to enforce the promissory note and recover $1,000,000 from Tharaldson Financial under the terms of the note. The brief in support of the motion stated VEI was reserving all other issues, including whether it was entitled to the final payment of $150,000 under the terms of the promissory note. VEI also argued offset and recoupment were not available defenses to enforcement of the note, because Tharaldson Financial does not have an interest in Tharaldson Ethanol's claims against VEI.

[¶ 5] After VEI filed its motion for partial summary judgment, Tharaldson Ethanol assigned Tharaldson Financial a 50% interest in its claims against VEI. On May 9, 2013, Tharaldson Ethanol and Tharaldson Financial filed a response opposing VEI's motion for summary judgment. Tharaldson Ethanol and Tharaldson Financial argued summary judgment was not appropriate, because Tharaldson Financial has an interest in Tharaldson Ethanol's claims against VEI, Tharaldson Financial may assert recoupment and setoff defenses against VEI's claim for en-

forcement of the promissory note, and there are genuine issues of material fact regarding the defenses.

[¶ 6] On May 16, 2013, VEI responded to Tharaldson Ethanol and Tharaldson Financial's opposition to the motion for summary judgment. VEI argued no factual issues exist, it loaned $1,350,000 to Tharaldson Financial in exchange for the promissory note, Tharaldson Financial has defaulted on the note, and VEI is entitled to judgment in the amount of $1,150,000 with interest under the terms of the promissory note.

[¶ 7] On July 8, 2013, the district court granted VEI's motion for partial summary judgment, finding there were no genuine issues of material fact and VEI was entitled to judgment as a matter of law. The court determined recoupment and setoff defenses do not apply and Tharaldson Financial owes a debt to VEI under the terms of the promissory note. The court ordered VEI was entitled to judgment against Tharaldson Financial in the amount of $1,150,000, with interest.

[¶ 8] On July 22, 2013, the court entered a judgment consistent with its order for partial summary judgment. VEI sent the court a letter dated July 24, 2013, requesting the court amend the judgment and clarify that the judgment is final as to VEI's claim for payment under the terms of the promissory note against Tharaldson Financial pursuant to N.D.R.Civ.P. 54(b). Tharaldson Ethanol and Tharaldson Financial objected to VEI's request for an amended judgment, arguing VEI failed to present any evidence it will suffer prejudice or hardship absent N.D.R.Civ.P. 54(b) certification and certification was not appropriate. VEI responded to Tharaldson Ethanol and Tharaldson Financial's objection, arguing it would suffer a harsh eco-

nomic effect if certification were not granted.

[¶ 9] On August 21, 2013, VEI moved to alter or amend the judgment under N.D.R.Civ.P. 59(j) or, alternatively, for reconsideration. VEI sought to make its previous request for N.D.R.Civ.P. 54(b) certification, contained in the July 24, 2013, letter, a formal motion. Tharaldson Ethanol and Tharaldson Financial responded to VEI's motion and reasserted their previous objections to VEI's request for certification.

[¶ 10] On September 27, 2013, the district court granted VEI's request for N.D.R.Civ.P. 54(b) certification. The court found there would be an extended period of litigation before the entire case would be final, VEI would have a large debt that would go unpaid if certification were denied, the payments due under the terms of the promissory note were already years in arrears, the loss of the funds would be a substantial detriment, the unresolved claims involved only VEI and Tharaldson Ethanol, the promissory note was a separate transaction involving only Tharaldson Financial and VEI, it was unlikely the issues related to the promissory note would ever need to be reconsidered as part of any subsequent appeal, and the possibility that future developments at the district court level would make the issues related to the promissory note moot was not a sufficient basis for denying certification.

[¶ 11] On September 27, 2013, the district court entered an amended final judgment, stating the court issued N.D.R.Civ.P. 54(b) certification and the judgment was a final judgment that may be enforced or appealed. On October 2, 2013, the court entered another amended judgment, directing entry of final judgment under N.D.R.Civ.P. 54(b).

[¶ 12] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction over final judgments under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01, and a preliminary issue in the case involves the finality of the judgment.

II

[¶ 13] Before reaching the merits of the appeal, we must first determine whether the district court appropriately directed entry of a final judgment under N.D.R.Civ.P. 54(b) without first deciding ancillary claims. Tharaldson Ethanol and Tharaldson Financial argue the court erred in granting certification under N.D.R.Civ.P. 54(b), because this is not an unusual or compelling case justifying certification and VEI failed to demonstrate prejudice or hardship would result if an immediate appeal were not allowed.

[¶ 14] Rule 54(b), N.D.R.Civ.P., preserves our long-standing policy against piecemeal appeals, and provides:

If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudi-

cating all the claims and all the parties' rights and liabilities.

We have held N.D.R.Civ.P. 54(b) certification "should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship." *Pifer v. McDermott*, 2012 ND 90, ¶ 8, 816 N.W.2d 88 (quoting *Citizens State Bank–Midwest v. Symington*, 2010 ND 56, ¶ 9, 780 N.W.2d 676). The party requesting certification under N.D.R.Civ.P. 54(b) has the burden to establish prejudice or hardship will result if certification is denied. *Pifer*, at ¶ 8.

[¶ 15] We are not bound by the district court's certification under N.D.R.Civ.P. 54(b), and we review the court's decision to grant certification under an abuse-of-discretion standard. *Brummund v. Brummund*, 2008 ND 224, ¶ 5, 758 N.W.2d 735. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* We must determine whether the case is an " 'infrequent harsh case' warranting the extraordinary remedy of an otherwise interlocutory appeal." *Pifer*, 2012 ND 90, ¶ 8, 816 N.W.2d 88 (quoting *Bulman v. Hulstrand Constr. Co.*, 503 N.W.2d 240, 241 (N.D.1993)).

[¶ 16] The district court must weigh the competing equities and take into account judicial administrative interests in deciding whether to grant certification. *Pifer*, 2012 ND 90, ¶ 8, 816 N.W.2d 88. We have outlined a list of factors a court should consider, including:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Pifer*, at ¶ 10 (quoting *Union State Bank v. Woell*, 357 N.W.2d 234, 238 (N.D.1984)).

[¶ 17] The district court granted N.D.R.Civ.P. 54(b) certification, finding VEI would be prejudiced if certification were not granted:

VEI's claim of prejudice is based on the very large debt that will continue to go unpaid for an extended period if certification is denied. According to the existing schedule, the unresolved claims will not be tried until next October. Furthermore, the prospect of further delay certainly exists, as the unresolved claims are complex and involve many parties. The judgment against TFG is based on a note executed on April 23, 2009. TFG made the initial payment required under the terms of that note, but has failed to make any of the payments due thereafter . . . .

Cash flow is critical to the operation of any business. A large balance that goes unpaid for years is calculated to have a harsh impact. Even if the money is not required for operating expenses and overhead, the loss of use of those funds is a substantial detriment. Interest helps to mitigate the loss, but it is a poor substitute for having the principal available for investment, use and enjoyment.

The court found the relationship between VEI's claim against Tharaldson Financial and Tharaldson Ethanol's claims against VEI is remote and limited because Tharaldson Financial does not have an interest in Tharaldson Ethanol's claims against VEI and it is not likely that the issues related to the note will ever need to be reconsidered as part of any subsequent appeal. The court acknowledged there was a possibility that future developments at the district court level could make some of the issues related to the promissory note moot, but found that was not a sufficient basis to deny certification. On the basis of these findings, the court found there was no just reason for delay and granted certification.

[¶ 18] The court considered whether there was a strong relationship between VEI's breach of contract claim against Tharaldson Financial and Tharaldson Ethanol's contract and negligence claims against VEI, and found the relationship was remote and limited. The adjudicated and unadjudicated claims, however, involve issues related to the plant's production. The terms of the promissory note state Tharaldson Financial will be required to pay the final payment only if the ethanol plant has achieved certain production rates, and Tharaldson Ethanol's contract and negligence claims arise from VEI's work on the plant and the plant's production. Furthermore, Tharaldson Ethanol and Tharaldson Financial contend recoupment or setoff defenses apply and Tharaldson Financial will not be required to pay the money owed under the promissory note if Tharaldson Ethanol's claims against VEI are successful. The claims are "logically related legally and factually" and are "closely intertwined." *See Pifer*, 2012 ND 90, ¶ 19, 816 N.W.2d 88.

■ [¶ 19] Similarly, there is also a strong likelihood that an appeal will be taken after the unadjudicated claims are decided, which would present the same underlying factual circumstances as this appeal. "It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be forced to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." *Peterson v. Zerr*, 443 N.W.2d 293, 298 (N.D.1989) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2659 (2d ed.1983)).

■ [¶ 20] The district court found there was a possibility that future developments at the district court level would make the issues currently appealed moot. "Potential mootness is a just reason for delay" in N.D.R.Civ.P. 54(b) analysis. *Bulman*, 503 N.W.2d at 242. Tharaldson Ethanol and Tharaldson Financial argue recoupment or setoff defenses apply, the court found those defenses do not apply in this case, and Tharaldson Ethanol and Tharaldson Financial raised that issue in the current appeal. The issue would become moot, and our review would result in an advisory opinion if Tharaldson Ethanol's unadjudicated claims against VEI were not successful, and therefore certification is inappropriate. *Cf. Peterson*, 443 N.W.2d at 298 (certification is not appropriate in cases where an indemnification or subrogation claim is dismissed because there will not be a need to litigate the claim if the defendant is not found liable in the main action); *City of Mandan v. Strata Corp.*, 2012 ND 173, ¶ 8, 819 N.W.2d 557 (certification not appropriate because remaining proceedings may moot the issues related to the subrogation claim).

[¶ 21] Moreover, VEI did not demonstrate and the district court did not explain

how this case presents unusual and compelling or "out-of-the-ordinary" circumstances or that "cognizable, unusual hardships" to the parties will arise if resolution of the appealed issues is deferred. *See Capps v. Weflen,* 2013 ND 16, ¶ 10, 826 N.W.2d 605; *Brummund,* 2008 ND 224, ¶ 6, 758 N.W.2d 735. In VEI's response to Tharaldson Ethanol and Tharaldson Financial's objection to certification, VEI claimed it would be prejudiced by the delay and certification should be granted because its purpose in seeking certification is to obtain a final judgment so it can be paid promptly on an undisputed claim for damages without awaiting the final outcome of the litigation, its debt would potentially remain unpaid for months, and it has a right to enforce the promissory note. Similarly, the district court found cash flow is critical to the operation of any business and a large unpaid balance is calculated to have a harsh impact. VEI's claim of prejudice or hardship is a generic claim that applies in all cases in which a party receives a monetary award. Furthermore, the promissory note required Tharaldson Financial to make $100,000 payments each month beginning in July 2009, and there was no evidence VEI attempted to enforce the note until it brought a counterclaim in this action in September 2012. VEI waited more than three years to enforce the note and attempt to collect these unpaid amounts. VEI failed to establish it would suffer an unusual hardship if certification were not granted. Although there is a large sum of money involved in this case, that alone is not sufficient under these circumstances to justify granting certification under N.D.R.Civ.P. 54(b). VEI failed to present unusual or compelling circumstances requiring certification of the judgment. VEI had the burden to establish it will suffer prejudice or hardship if certification is denied, and VEI failed to meet that burden.

■ [¶ 22] Certification under N.D.R.Civ.P. 54(b) must be reserved for "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Peterson,* 443 N.W.2d at 299. This case does not present "out-of-the-ordinary circumstances" or the "infrequent harsh case" warranting our immediate review. We conclude the district court improvidently certified the partial summary judgment under N.D.R.Civ.P. 54(b), and the court abused its discretion in directing entry of a final judgment. Consequently, we do not reach the merits of Tharaldson Ethanol and Tharaldson Financial's appeal.

### III

[¶ 23] We dismiss Tharaldson Ethanol and Tharaldson Financial's appeal and direct the district court to vacate that portion of its judgment certifying the judgment as final under N.D.R.Civ.P. 54(b).

[¶ 24] GERALD W. VANDE WALLE, C.J., TODD L. CRESAP, D.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

[¶ 25] The Honorable TODD L. CRESAP, D.J., sitting in place of McEVERS, J., disqualified.