**The FEDERAL LAND BANK OF SAINT PAUL, Plaintiff and Appellee,**

v.

**Billy J. WALLACE and Rosemarie Wallace, Defendants, Cross-Claimants, and Appellants,**

v.

**The FIRST NATIONAL BANK OF ELLENDALE, Defendant and Cross-Defendant.**

**Civ. No. 10765.**

Supreme Court of North Dakota.

April 17, 1985.

Ronald G. Splitt, of Kessel, Splitt & Kessel, LaMoure, for plaintiff and appellee.

Paul T. Crary, Walhalla, for defendants, cross-claimants, and appellants.

Joseph A. Turman, of DeMars, Turman & Johnson, Ltd., Fargo, for defendant and cross-defendant.

VANDE WALLE, Justice.

Billy J. Wallace and Rosemarie Wallace, defendants and cross-claimants, appealed from the summary judgment ordered by the district court of Dickey County which granted foreclosure of a real-estate mortgage in favor of the Federal Land Bank of Saint Paul. We affirm.

On January 15, 1980, Billy and Rosemarie Wallace, farmers in Dickey County, borrowed $590,000 from the Federal Land Bank of Saint Paul (hereinafter Federal Land Bank). To secure the loan, the Wallaces were required to mortgage certain real estate used in their farming operation.

Subsequent to mortgaging their real estate the Wallaces had financial difficulties occasioned in part by drought, low crop yields, increasing production costs, and rising interest rates. The Wallaces found themselves unable to make the scheduled payment of March 1, 1982, and on April 16, 1982, the Federal Land Bank by agreement with the Wallaces re-amortized the $590,-000 loan. The re-amortization agreement required the Wallaces to make a payment of approximately $61,000 on December 1, 1983. The Wallaces failed to make the December 1 payment.

On February 29, 1984, the Federal Land Bank brought a foreclosure action in district court naming the Wallaces and the First National Bank of Ellendale (hereinafter First National Bank) as defendants. The First National Bank had a recorded real estate mortgage dated April 21, 1982, on the Wallaces' real estate for the sum of $135,000. The Federal Land Bank claimed that First National Bank's mortgage was made subsequent to and expressly subject to its $590,000 mortgage.

The First National Bank filed an answer generally denying Federal Land Bank's complaint. Thereafter, both banks entered into an agreement stipulating that (1) the Federal Land Bank's real estate mortgage was superior, (2) First National Bank consented to entry of judgment by default, and (3) the judgment of the Federal Land Bank would provide the First National Bank with the right of redemption within the statutory one-year period from the date of the judicial sale.

The Wallaces answered, generally denying the complaint, and listed fifteen separate defenses to the foreclosure action. In their answer, the Wallaces counterclaimed, alleging that the Federal Land Bank's foreclosure action had severely damaged them by the loss of present and future income and wealth and loss of expansion and operation of their farming business. The Wallaces prayed for a total of $70,000,000 in actual, compensatory, and punitive damages. The Federal Land Bank replied, generally denying the Wallaces' counterclaim.

The Wallaces also cross-claimed against the First National Bank, alleging that under Title 15, U.S.C., the two promissory notes they had signed on April 6, 1983, and the accompanying security agreements were invalid and unenforceable for lack of consideration. The Wallaces claimed that the actions of the First National Bank in executing and filing the security agreements constituted the wrongful taking of their property rights and reduced their ability to obtain financing elsewhere for their farming operation. Again, the Wallaces requested $70,000,000 in total damages.

First National Bank answered the Wallaces' cross-claim generally denying the allegations and specifically alleging that the cross-claim failed to state a cause of action upon which relief could be granted. First National Bank specifically denied that Title 15, U.S.C., was applicable and that the

notes and mortgage were unenforceable. First National Bank further denied the allegation that there was a lack of consideration, arguing that it advanced all monies represented in the promissory notes.

First National Bank cross-claimed against the Wallaces alleging that they were indebted to it in the sum of $67,466.10 plus accrued interest on original promissory notes for a total of approximately $201,-410. First National Bank had obtained security for these notes by having the Wallaces execute certain security agreements with livestock and crops as secured collateral and subsequently, on April 21, 1982, by having the Wallaces execute a $135,000 mortgage on their real estate. The Bank alleged that the Wallaces had defaulted in payment of the loans and prayed for judgment in the amount of $67,466.10 plus accrued interest and for foreclosure of the Bank's security interest in the secured collateral.

On March 15, 1984, the Wallaces filed a notice of lis pendens and on March 19, 1984, filed a common-law lien for $2,000,-000 on their mortgaged property.

On April 26, 1984, the Federal Land Bank moved the district court for summary judgment in its foreclosure action. On May 9, 1984, First National Bank moved the court for summary judgment on the Wallaces' cross-claim and for severance of the Wallaces' cross-claim from the mortgage-foreclosure action pursuant to Rule 42(b), N.D.R.Civ.P. First National Bank contended that there was no just reason to delay the Federal Land Bank foreclosure action and that if the court failed to sever the Wallaces' cross-claim from the foreclosure action there would be erosion of any equity it would potentially have in the mortgaged property.

The district court held a hearing on the Federal Land Bank motion for summary judgment and on First National Bank's motion for severance on May 21, 1984. The Wallaces appeared personally and represented themselves without counsel.

The affidavits in support of the Federal Land Bank's motion for summary judg-ment affirmed that the Wallaces were in default on the $590,000 loan from the Federal Land Bank. The Wallaces did not deny their default but raised matters generally alleging a violation of their rights and arguing that there was a conspiracy against them between the Federal Land Bank and the First National Bank. The court determined that there was nothing in the Wallaces' affidavit that indicated that there would be any material issue of fact in the foreclosure action. The court stated that the Wallaces' assertions were simply conclusions unsupported by any sworn statements which would give rise to a set of facts and circumstances constituting a defense against the nonpayment of their notes to the Federal Land Bank. The court therefore granted summary judgment in favor of the Federal Land Bank and ordered that the notice of lis pendens be cancelled and that any common-law liens filed by the Wallaces be expunged. The court also granted First National Bank's motion for severance.

The First National Bank moved the district court on July 23, 1984, for summary judgment on the Wallaces' cross-claim, for summary judgment on First National Bank's cross-claim against the Wallaces, and in the alternative for an order compelling delivery of collateral. The Wallaces were represented by counsel at this second hearing.

The district court dismissed all claims by the Wallaces except the allegation that the Bank had breached a fiduciary duty owed to the Wallaces by failing to lend the Wallaces certain monies.

The district court did order summary judgment for First National Bank on its cross-claim against the Wallaces. The court also stated that pursuant to Rule 54(b), N.D.R.Civ.P., there was no reason for delay of entry of final judgment in the matter pending final resolution of the remaining issue before the court, that being the issue as to breach of fiduciary duty by the Bank. The court also ordered the Bank's security interest foreclosed and that the sheriff secure possession of the collat-

eral for the Bank. The Wallaces did not appeal the summary judgment granted in favor of the First National Bank.

The Wallaces appealed the summary judgment in favor of the Federal Land Bank's foreclosure action. The Wallaces raise three issues on appeal. The Wallaces contend that the district court erred in granting summary judgment when there were genuine issues of material fact presented. Secondly, the Wallaces contend that severance of their cross-claim against First National Bank was untimely and detrimental to their defense. Lastly, the Wallaces argue that the district court erred by not informing them of the precariousness of proceeding without counsel before the court.

. Before reaching the merits of the Wallaces' contentions, however, the peculiar posture of this case causes us to consider whether or not the summary judgment in favor of the Federal Land Bank is appealable.

Rule 54(b), N.D.R.Civ.P., provides that if more than one claim for relief is presented in an action, or if multiple parties are involved, the trial court may direct entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Multiple claims for relief were presented in this action and ordinarily Federal Land Bank's summary judgment would not be appealable unless the court had first made a Rule 54(b) determination. See *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984); *Martinson v. Raugutt*, 346 N.W.2d 289 (N.D.1984). Both the Federal Land Bank and the Wallaces agree that the trial court did not make a Rule 54(b) determination. In our review of the record we have reached the same conclusion.

At the time of the hearing on Federal Land Bank's motion for summary judgment the trial court also heard First National Bank's motion for severance of the Wallaces' cross-claim under Rule 42(b), N.D.R.Civ.P. The trial court indicated in its memorandum decision granting summary judgment that:

"As a part of these proceedings there is also a cross claim filed by the defendants against the First National Bank of Ellendale. Upon motion of the cross defendant, the First National Bank of Ellendale the Court severed that action as it is a separate action apart and distinct from the foreclosure."

No written order granting First National Bank's motion to sever appears in the record.

■ Upon review of the record, however, we found an oral order for severance in the transcript of the summary-judgment proceedings. We believe that the trial court, by granting severance of the Wallaces' cross-claim, was acting under Rule 21, N.D.R.Civ.P., which provides that "Any claim against a party may be severed and proceeded with separately." [1] Under a Rule 21 severance, the trial court is not required to make a Rule 54(b) determination to make the judgment appealable. While we do not approve of the failure of the court and counsel to have a formal written order of severance issued, we conclude that the trial court did sever the Wallaces' cross-claim.[2] See *Cook v. Cook*, 364 N.W.2d 74 (N.D.1985). The appeal is properly before us. Furthermore, we conclude that the trial court did not abuse its discretion in severing the cross-claim. See *Bismarck Pub. Sch. v. Ritterbush Assoc.*, 313 N.W.2d 712 (N.D.1981); *Brauer v. James J. Igoe & Sons Construction, Inc.*, 186 N.W.2d 459 (N.D.1971). The substance

**1.** Counsel for First National Bank moved the court for severance under the wrong rule, using Rule 42(b), which provides the mechanism for ordering a separate trial, instead of Rule 21, providing for severance of claims.

**2.** Both the trial court and counsel have a duty to make sure orders such as these are properly entered in the record. Judicial economy is not served when a court of review must search through voluminous documents in the record in order to possibly find a statement or two that could constitute an order by the trial court.

of the Wallaces' cross-claim was completely unrelated to the foreclosure action and the trial court acted properly in granting severance.

We next consider the Wallaces' arguments concerning whether or not the trial court erred in granting Federal Land Bank summary judgment in its foreclosure action. The Wallaces contend that there were unresolved issues of material fact, principally regarding the involvement of First National Bank, that made summary judgment improper.

The provision for summary judgment under Rule 56, N.D.R.Civ.P., allows a trial court to expedite the resolution of a legal dispute on its merits, without trial, where there is no disagreement concerning material facts and only a question of law is presented. See *Erickson v. Farmers Union Mut. Ins. Co.*, 311 N.W.2d 579 (N.D. 1981); *Peck of Chehalis v. C.K. of Western America*, 304 N.W.2d 91 (N.D.1981).

The standards applicable in reviewing an appeal to this court from a summary judgment were summarized in *Benson Cty. Co-op. Credit Union v. Central Livestock*, 300 N.W.2d 236, 239 (N.D. 1980):

"On appeal from a summary judgment, the evidence must be viewed in the light most favorable to the party against whom the summary judgment was granted.... This court cannot decide disputed issues of material fact; we may only determine whether a genuine issue exists and whether the law was applied correctly. Accordingly, we reverse the grant of a summary judgment motion if it appears from the record that there is an unresolved issue of material fact. Summary judgment is not appropriate if the moving party is not entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from undisputed facts.... Under Rule 56(c), N.D.R. Civ.P., we may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits in determining whether or not there is a genu-ine issue of material fact. Only those questions that are within the range of allowable controversy are material."

After reviewing the evidence in the light most favorable to the Wallaces, we believe that the trial court properly granted the Federal Land Bank summary judgment in its foreclosure action. There was no unresolved issue of material fact presented to the trial court in the pleadings and affidavits of the parties. The Wallaces did not deny that they were in default on the loan. Instead, the Wallaces claimed that their default was caused by First National Bank's failure to provide them with the necessary monies to make the Federal Land Bank payment. We agree with the trial court that the Wallaces failed to state in their pleadings and affidavits any facts that would constitute a defense to default under the loan agreement. The Wallaces failed to make the required payment under the reamortization agreement and the Federal Land Bank thus was entitled to foreclosure. The trial court was correct in holding that there was no genuine issue in the foreclosure action and that the Federal Land Bank therefore was entitled to summary judgment as a matter of law.

The Wallaces contend that the trial court erred at the hearing on the summary-judgment motion by not warning them of the precariousness of proceeding without counsel before the court. The Wallaces claim that they were unaware of the seriousness and the legal consequences of the summary-judgment proceedings and that they were unfamiliar with the procedures involved. Although the Wallaces do not expressly claim that their acting pro se caused them to lose on the motion for summary judgment, their argument in favor of an admonition from the trial court does impliedly state such a claim.

Frequently parties before the courts of this State decide to represent themselves without assistance of counsel. Many times we have had to remind parties acting pro se that "it is well settled in this State that rules or statutes will not be modified or

applied differently merely because a party not learned in the law is acting pro se." *State v. Gasser*, 306 N.W.2d 205, 208 (N.D. 1981). See also *City of Bismarck v. Altevogt*, 353 N.W.2d 760 (N.D.1984); *Hennebry v. Hoy*, 343 N.W.2d 87 (N.D.1983); *Jensen v. Zuern*, 336 N.W.2d 330 (N.D.1983); *State v. Faul*, 300 N.W.2d 827 (N.D.1980). Review of the transcript of the summary-judgment proceedings indicates that the trial court provided the Wallaces with a sufficient explanation of the proceedings and that the court allowed the Wallaces to submit a post-hearing affidavit concerning their allegations in opposition to the motion for summary judgment. We believe that the trial court acted properly with respect to the Wallaces' pro se appearance.

The Wallaces raise other issues on appeal. Because these issues were not presented to the trial court, we cannot consider them for the first time on appeal. See *Hirschkorn v. Severson*, 319 N.W.2d 475 (N.D.1982); *Allen v. Kleven*, 306 N.W.2d 629 (N.D.1981).[3]

We affirm the summary judgment granted to Federal Land Bank by the district court.

ERICKSTAD, C.J., LEVINE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

PEDERSON, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.

---

**3.** If now, after having secured counsel, the Wallaces have defenses related to the foreclosure, they may attempt to raise them under Rule 60(b), N.D.R.Civ.P. Our disposition of this case does not prohibit the Wallaces from subsequently moving the trial court for relief from the summary judgment under Rule 60(b), N.D.R. Civ.P. See *Gajewski v. Bratcher*, 240 N.W.2d 871 (N.D.1976).