2006 ND 186

**Florian JOCHIM, Personal Representative of the Estate of Greg A. Jochim, deceased, Plaintiff and Appellant**

v.

**Denise M. JOCHIM, Defendant and Appellee.**

**No. 20060038.**

Supreme Court of North Dakota.

Aug. 24, 2006.

Donavin L. Grenz, Linton, N.D., for plaintiff and appellant.

Gerald A. Kuhn, Law Office of Gerald A. Kuhn, PC, Napoleon, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] The estate of Greg Jochim appeals from an order vacating judgment and dismissing Greg Jochim's action for divorce. We conclude an action for divorce abates upon the death of a party, and we affirm.

[¶ 2] On February 11, 2005, Greg Jochim filed for divorce from Denise Jochim. The parties stipulated to all the issues except the amount of child support to be awarded, whether spousal support should be awarded, and whether either party should be awarded attorney's fees. A trial was held on October 6, 2005, to resolve the remaining issues. On October 24, 2005, the district court entered an order for judgment. On November 1, 2005, Greg Jochim was killed in a traffic accident. On November 8, 2005, a judgment and decree of divorce was entered.

[¶ 3] Denise Jochim moved to vacate the judgment and decree. She argued the marriage terminated upon Greg Jochim's death and asked the court to vacate the judgment to alleviate any confusion about who are the heirs of Greg Jochim's estate, who are the beneficiaries of his life insurance policies, and who is entitled to bring a wrongful death action. On January 23, 2006, the district court entered an order vacating the judgment and dismissing the divorce action, after finding the Jochims' divorce was not final at the time of Greg Jochim's death and his death abated the divorce action.

[¶ 4] Notice of appeal was filed on behalf of Greg Jochim. Florian Jochim, a personal representative of Greg Jochim's estate, moved to be substituted as party plaintiff. This Court granted the estate's motion for substitution.

I

[¶ 5] Greg Jochim's estate claims the district court abused its discretion in vacating the judgment and dismissing the action because the divorce action did not abate upon Greg Jochim's death. In support of its claim, the estate cites N.D.R.Civ.P. 25(a)(3), which states an action does not abate upon a party's death when a verdict has been reached or an order for judgment has been issued. The estate claims the divorce was effectively granted because a trial was held, the parties stipulated to most of the issues, and the district court issued an order for judgment. The estate also claims there was arguably a contract between the parties for a divorce, citing N.D.C.C. § 30.1–10–02(2), a section of the probate code, and *In re Estate of McNamara*, 402 N.W.2d 893 (N.D.1987), in support of its claim.

[¶ 6] The decision to vacate a judgment is within the court's discretion, and its decision will not be disturbed on appeal unless the court has abused its discretion. *Gepner v. Fujicolor Processing, Inc.*, 2001 ND 207, ¶ 13, 637 N.W.2d 681. The court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.*

[¶ 7] A marriage is dissolved only "(1) [b]y the death of one of the parties; or (2)[b]y a judgment of a court of competent jurisdiction decreeing a divorce of the parties." N.D.C.C. § 14–05–01. The ultimate issue in this case is whether Greg Jochim's death abated the divorce action.

[¶ 8] In *Thorson v. Thorson*, 541 N.W.2d 692, 696 (N.D.1996), this Court held a divorce action abates upon a party's

death. Doris Thorson filed for divorce from Allen Thorson, but she died before a trial was held. *Id.* at 693–94. The district court dismissed the action at Allen Thorson's request, finding the divorce action abated upon Doris Thorson's death. *Id.* at 694. We affirmed the district court's decision, and said:

> [I]n North Dakota, marriage is a relationship personal to the parties of the marriage. Under section 14–05–01, NDCC, Doris's and Allen's marriage was dissolved by Doris's death. Upon the death, there was no longer a marriage for the trial court to dissolve with a judgment decreeing a divorce.

*Id.* at 696 (citations omitted). Death destroys the subject matter that forms the basis for a divorce action, terminating the district court's jurisdiction, and therefore a divorce action abates upon a party's death. *Id.*

■ [¶ 9] Greg Jochim's estate argues N.D.R.Civ.P. 25(a)(3) supports its claim that the divorce action did not abate on Greg Jochim's death because, unlike *Thorson*, there was an order for judgment in this case. Rule 25(a)(3), N.D.R.Civ.P., states:

> After a verdict is rendered or an order for judgment is made in any action, such action shall not abate by the death of any party, but the case shall proceed thereafter in the same manner as in cases where the cause of action survives by law, and substitution of parties shall be allowed as in other cases.

The estate argues divorce actions are not listed as an exception to this rule, and therefore the district court abused its discretion in failing to apply the rule and granting the motion to vacate the judgment. But as we said in *Thorson*, the death of one of the parties destroys the court's jurisdiction because there is no marriage upon which the decree can work.

*Thorson*, 541 N.W.2d at 696. "Upon the death, there was no longer a marriage for the [district] court to dissolve with a judgment decreeing a divorce," the subject matter forming the basis of the action was destroyed and the court's jurisdiction was terminated. *Id.* The dissolution of the marital relationship is the object sought to be accomplished by the final decree, and in cases where one party dies before a judgment is entered that object has already been accomplished by the death. Unlike other actions where an injury has already occurred and damages have been incurred, death of a party to a divorce effectively renders a subsequent divorce judgment meaningless because there is no marriage left to dissolve. We conclude N.D.R.Civ.P. 25(a)(3) does not create an exception to the general rule that the death of a party to a divorce action, prior to entry of the final decree of divorce, abates the action and leaves nothing for the district court to decide.

■ [¶ 10] The estate claims the divorce was already granted when Greg Jochim died, because an order for judgment was issued and when combined with the parties' stipulation constituted a granting of divorce. Although an order for judgment is required before a valid judgment can be entered, alone it is not sufficient to make a divorce final and does not conclude the proceedings. N.D.R.Civ.P. 58 (order for judgment required before judgment entered). A judgment includes any order from which an appeal lies. N.D.R.Civ.P. 54(a). An order for judgment is not appealable. *See* N.D.C.C. § 28–27–02 (what orders are appealable); *Koehler v. County of Grand Forks*, 2003 ND 44, ¶ 6 n. 1, 658 N.W.2d 741 (order for judgment not appealable unless there is a subsequently entered consistent judgment). An action is not complete, and is still pending, until a judgment is entered. N.D.R.Civ.P. 58(a)

(judgment not effective or final until entered). The Jochims' marriage was not dissolved at the time of Greg Jochim's death because a judgment had not been entered, and therefore his death terminated the marriage abating the divorce action.

[¶ 11] The estate also urges us to consider *McNamara* and N.D.C.C. § 30.1–10–02(2), which is a section of the probate code defining who is not a surviving spouse. But the estate's reliance on these are misplaced because the case and statute concern probate matters. The issue before us in *McNamara* was not whether one party's death dissolved the marriage abating the divorce action, but whether John McNamara, as a surviving spouse, could inherit property owned by Dorothy McNamara after she died before the parties' divorce was final. *McNamara,* at 895. At the time of Dorothy McNamara's death, an interlocutory divorce judgment had been entered and the parties were awaiting the end of a one-year waiting period before their divorce could become final. *Id.* at 894. This Court said:

> The earlier cited California law establishes that the couple's marital status was not terminated by the interlocutory divorce judgment, and, at the time of Dorothy's death, John was her spouse under that law. However, because the interlocutory divorce judgment dealt with the couple's property, it was contractual in nature and became a conclusive adjudication of the couple's property rights. The dispositive issue is not John's status as Dorothy's spouse, but his right to Dorothy's property which was determined by the interlocutory divorce judgment and was conclusive and res judicata with respect to that issue.

*Id.* at 896–97. Here, the only issue before us is whether the district court erred in vacating the judgment and dismissing the divorce action. The authorities Greg Jochim's estate cites in support of its argument do not address the issue in this case, but instead concern whether a spouse is entitled to inherit property. Whether Denise Jochim is entitled to a share of Greg Jochim's estate as a surviving spouse or whether she is entitled to collect any life insurance proceeds or bring a wrongful death action are not issues before us in this case, and we will not decide those issues.

[¶ 12] The sole issue before us is whether the district court abused its discretion in vacating the judgment and dismissing the Jochims' divorce action. The Jochims' divorce action was still pending at the time of Greg Jochim's death, and therefore his death terminated the marriage and abated the divorce action. We conclude the district court's decision to vacate the judgment and dismiss the action was not arbitrary, unreasonable, or unconscionable, and therefore we affirm.

II

[¶ 13] We conclude the district court did not abuse its discretion in vacating the judgment and dismissing the Jochims' divorce action, and we therefore affirm.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.