2014 ND 221

**Glenvin D. ALBRECHT, Plaintiff and Appellant,**

v.

**Mark ALBRECHT, as personal representative of the Estate of Sharleen Joy Albrecht, Defendant and Appellee.**

No. 20130392.

Supreme Court of North Dakota.

Dec. 18, 2014.

Tracy J. Lyson, Fargo, N.D., for plaintiff and appellant.

James A. Reisnour, Jamestown, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1]  Glenvin Albrecht appeals from a divorce judgment distributing marital property.  We conclude the death of Glenvin Albrecht's wife, Sharleen Albrecht, before entry of a final judgment abated the divorce action, and we reverse the judgment and remand for dismissal of the divorce action.

## I

[¶ 2] Glenvin Albrecht sued Sharleen Albrecht for a divorce in February 2010, after nearly 50 years of marriage. After an evidentiary hearing in October 2012, a "judgment" was filed on October 19, 2012, "order[ing], adjudg[ing] and decree[ing]" that each party was entitled to a divorce from the other on the grounds of irreconcilable differences and reserving disposition of all property issues for further proceedings. After another evidentiary hearing in March 2013, the district court issued a memorandum opinion on August 2, 2013, stating Sharleen Albrecht had died after the March 2013 hearing and distributing the parties' marital property equally. The court awarded Sharleen Albrecht assets valued at $702,290 and Glenvin Albrecht assets valued at $2,333,248, and ordered him to pay her $815,479 to equalize the property distribution. The court also awarded each party half of the proceeds from the sale of corn and soybeans and half of future payments from Sharleen Albrecht's two pensions, payable in a qualified domestic relations order. The court explained the marriage was long-term and none of the *Ruff–Fischer* guidelines established any reason to distribute the marital property unequally. The court issued a subsequent order substituting Sharleen Albrecht's estate as a party in the divorce action and denying Glenvin Albrecht's motion for clarification of the award of proceeds from the corn and soybeans and the date of division of Sharleen Albrecht's pensions. Glenvin Albrecht appeals from a September 27, 2013, judgment distributing the parties' marital property.

[¶ 3] A district court has jurisdiction over a divorce action under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06, but an issue in this case involves the effect of Sharleen Albrecht's death on the court's jurisdiction. Glenvin Albrecht's appeal from the September 27, 2013, divorce judgment is timely under N.D.R.App.P. 4(a). This Court has jurisdiction over an appeal from a divorce judgment under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 4] This Court has held a divorce action abates upon the death of a party. *Jochim v. Jochim,* 2006 ND 186, ¶¶ 1, 12, 721 N.W.2d 25; *Thorson v. Thorson,* 541 N.W.2d 692, 693, 696 (N.D.1996). In *Jochim,* at ¶ 2, a district court entered an order for judgment in a divorce action on October 24, 2005. The husband died in a traffic accident on November 1, 2005, and a divorce judgment was entered on November 8, 2005. *Id.* The district court granted the wife's motion to vacate the judgment, determining the parties' divorce was not final when the husband died and his death abated the divorce action. *Id.* at ¶ 3.

[¶ 5] This Court concluded the district court did not abuse its discretion in vacating the judgment and dismissing the action, because the divorce action was still pending when the husband died and his death abated the action. *Jochim,* 2006 ND 186, ¶¶ 1, 12–13, 721 N.W.2d 25. This Court explained a "marriage is dissolved only '(1) [b]y the death of one of the parties; or (2) [b]y a judgment of a court of competent jurisdiction decreeing a divorce of the parties.'" *Id.* at ¶ 7 (quoting N.D.C.C. § 14–05–01). This Court rejected the husband's estate's argument the divorce action was not abated under the language of N.D.R.Civ.P. 25(a)(3), which provided that "[a]fter a verdict is rendered or an order for judgment is made in any action, such action shall not abate by the death of any party." *Jochim,* at ¶ 9. *See also* N.D.R.Civ.P. 54(d) ("If a party dies after a verdict or decision on any issue of

fact and before judgment, the court may still render judgment. That judgment is not a lien on the real property of the deceased party, but is payable as provided in N.D.C.C. ch. 30.1–19."). This Court explained:

> [A]s we said in *Thorson*, the death of one of the parties destroys the court's jurisdiction because there is no marriage upon which the decree can work. *Thorson*, 541 N.W.2d at 696. "Upon the death, there was no longer a marriage for the [district] court to dissolve with a judgment decreeing a divorce," the subject matter forming the basis of the action was destroyed and the court's jurisdiction was terminated. *Id.* The dissolution of the marital relationship is the object sought to be accomplished by the final decree, and in cases where one party dies before a judgment is entered that object has already been accomplished by the death. Unlike other actions where an injury has already occurred and damages have been incurred, death of a party to a divorce effectively renders a subsequent divorce judgment meaningless because there is no marriage left to dissolve. We conclude N.D.R.Civ.P. 25(a)(3) does not create an exception to the general rule that the death of a party to a divorce action, prior to entry of the final decree of divorce, abates the action and leaves nothing for the district court to decide.

*Jochim*, at ¶ 9.

[¶ 6] This Court also rejected the husband's estate's argument the divorce had already been granted when the husband died because an order for judgment had been issued. *Jochim*, 2006 ND 186, ¶ 10, 721 N.W.2d 25. This Court explained an order for judgment is not a final appealable judgment:

> Although an order for judgment is required before a valid judgment can be entered, alone it is not sufficient to make a divorce final and does not conclude the proceedings. N.D.R.Civ.P. 58 (order for judgment required before judgment entered). A judgment includes any order from which an appeal lies. N.D.R.Civ.P. 54(a). An order for judgment is not appealable. *See* N.D.C.C. § 28–27–02 (what orders are appealable); *Koehler v. County of Grand Forks*, 2003 ND 44, ¶ 6 n. 1, 658 N.W.2d 741 (order for judgment not appealable unless there is a subsequently entered consistent judgment). An action is not complete, and is still pending, until a judgment is entered. N.D.R.Civ.P. 58(a) (judgment not effective or final until entered). The Jochims' marriage was not dissolved at the time of Greg Jochim's death because a judgment had not been entered, and therefore his death terminated the marriage abating the divorce action.

*Jochim*, at ¶ 10.

[¶ 7] In *Thorson*, 541 N.W.2d at 695–96, this Court rejected an argument that the death of a party did not abate a divorce action under N.D.C.C. § 28–01–26.1, which provides that "[n]o action or claim for relief, except for breach of promise, alienation of affections, libel, and slander, abates by the death of a party or of a person who might have been a party had such death not occurred." This Court cited cases from several other jurisdictions for the proposition that the "greater weight of authority holds that a divorce action is abated upon the death of one of the parties." *Thorson*, at 695. After discussing South Dakota and Nebraska cases involving statutes similar to N.D.C.C. §§ 14–05–01 and 28–01–26.1, this Court explained:

> Likewise, in North Dakota, marriage is a relationship personal to the parties of the marriage. N.D. Cent.Code § 14–03–01. Under section 14–05–01, NDCC,

Doris's and Allen's marriage was dissolved by Doris's death. Upon the death, there was no longer a marriage for the trial court to dissolve with a judgment decreeing a divorce. A court will make an equitable distribution of the real and personal property when a divorce is granted. N.D. Cent.Code § 14-05-24. In a divorce action, the equitable distribution of property is incidental to a judgment of divorce. Because the marriage was dissolved by death and not by divorce, the trial court did not err when it held that there was no longer a marriage to be dissolved and, therefore, no issue of property distribution remaining before the court.

*Thorson*, at 696.

[¶ 8] A common thread in *Jochim* and *Thorson* and the cases cited in *Thorson*, 541 N.W.2d at 695, for the "greater weight of authority ... that a divorce action is abated upon the death of one of the parties" is the principle that the death of a party to a divorce action abates the action if the death occurs before a final judgment dissolving the parties' marital status. *See In re Marriage of Allen*, 8 Cal.App.4th 1225, 10 Cal.Rptr.2d 916, 918–19 (1992) (holding trial court had jurisdiction to adjudicate reserved property issues when former wife died after judgment terminating marital status; discussing effect of death on remaining property issues after final judgment of dissolution of marital status and citing enactment of statutory provision providing for separate trial for issues of termination of marital status and property distribution); *Oliver v. Oliver*, 216 Iowa 57, 248 N.W. 233, 234 (1933) (holding husband's death while appeal from final divorce judgment was pending did not abate divorce action; recognizing death of party abates divorce action and if final decree has not been entered before death, none can ever be entered);

*Williams v. Williams*, 146 Neb. 383, 19 N.W.2d 630, 632–33 (1945) (holding death of husband while appeal from divorce judgment was pending abated action because judgment was not final under Nebraska law until proceedings have been fully determined with Supreme Court decree); *Peterson v. Goldberg*, 146 Misc.2d 474, 550 N.Y.S.2d 1005, 1007 (1990) (recognizing divorce action abates upon death of one of the parties before judgment of divorce and stating rule does not apply when divorce was granted before death); *aff'd* 180 A.D.2d 260, 585 N.Y.S.2d 439, 440–41 (1992) (holding claim for equitable distribution of marital property did not abate upon wife's death when foreign divorce judgment granted before death finally dissolved marital status); *Pellow v. Pellow*, 714 P.2d 593, 597–98 (Okl.1985) (recognizing husband's death before entry of final judgment abates divorce action and holding husband's death after entry of a decree and pending appeal had no legal effect on status of final determination of divorce, which was effective as of date of rendition); *Larson v. Larson*, 89 S.D. 575, 235 N.W.2d 906, 909–10 (1975) (holding party's death before final judgment abates divorce action and trial court lacked authority to issue decree retroactively to date before death). *See also* Annotation, *Effect of Death of Party to Divorce or Annulment Suit Before Final Decree*, 158 A.L.R. 1205, 1206 (1945) (stating settled rule that death of party before entry of final decree abates divorce action); 24 Am.Jur.2d *Divorce and Separation*, § 118 (2008) (stating general rule that death of party before final decree abates divorce action).

[¶ 9] Under our case law and those authorities, the death of a party before entry of a final divorce judgment abates the action. Here a document captioned as a "judgment" was filed on October 19, 2012, stating each party was entitled to a divorce from the other on the grounds of irrecon-

cilable differences and reserving all property issues for further proceedings. After a further evidentiary hearing on the property issues, Sharleen Albrecht died before the district court issued its memorandum decision on those issues on August 2, 2013. This Court's finality jurisprudence under N.D.R.Civ.P. 54(b) precludes piecemeal appeals. *See, e.g., Brummund v. Brummund,* 2008 ND 224, ¶ 7, 758 N.W.2d 735. Under this Court's finality jurisprudence, the October 2012 "judgment" addressed the parties' marital status but did not dispose of all the issues in the divorce action and was not a determination from which an appeal could be taken. *See Brummund,* at ¶¶ 1, 10–12 (dismissing appeal from "judgment" interpreting prenuptial agreement entered after finding no just reason for delay under N.D.R.Civ.P. 54(b); stating judgment resolved only one issue regarding distribution of marital property and significant property issues remained to be resolved); *Jochim,* 2006 ND 186, ¶ 10, 721 N.W.2d 25 (recognizing definition of judgment in N.D.R.Civ.P. 54(a) includes a decree and any order from which an appeal lies). *See* N.D.C.C. § 1–01–46 (stating decree has same meaning as judgment, unless otherwise provided).

[¶ 10] This record does not reflect that a request for certification of the October 2012 decision granting the parties a divorce was made under N.D.R.Civ.P. 54(b), which authorizes a court to direct entry of a final judgment as to one or more but fewer than all claims or parties if the court expressly determines there is no just reason for delay. *See Brummund,* 2008 ND 224, ¶ 7, 758 N.W.2d 735 (recognizing Rule 54(b) certification reserved for unusual circumstances when failure to allow immediate appeal would create demonstrated prejudice or hardship). Moreover, no claim has been made that the divorce proceedings were intentionally prolonged. *See Thorson,* 541 N.W.2d at 696 (conclud-

ing equitable relief not warranted for claimed delay and affirming dismissal of divorce action).

[¶ 11] This Court has acknowledged the divisible divorce doctrine which recognizes two distinct components in a divorce action that may have separate and distinct jurisdictional foundations for dissolution of the parties' marital status and for adjudication of the incidences of their marriage. *Kelly v. Kelly,* 2009 ND 20, ¶ 9, 759 N.W.2d 721. In *Kelly,* at ¶ 9 (quoting *Smith v. Smith,* 459 N.W.2d 785, 787–89 (N.D.1990)), this Court discussed those two components:

It has been determined that the dissolution of the marriage is an *in rem* proceeding and that, if process has been properly effectuated, a court has jurisdiction to change the marital status of the parties even when only one party to the marriage is a resident of the state in which the court is located. Indeed, this Court has recognized that a court need "not have personal jurisdiction over both spouses to validly terminate the marital status" if procedural due process has been met, and that "as long as the plaintiff satisfies the six-month residency requirement under [NDCC] § 14–05–17," a court has jurisdiction to change the parties' marital status "no matter where" the defendant spouse resides. *Byzewski v. Byzewski,* 429 N.W.2d 394, 397 (N.D.1988)....

But meeting the jurisdictional requirements to sever the marital status itself "does not necessarily grant the court the authority to adjudicate the related inciden[ces] of the marriage." *Id.* at 397. "Before adjudicating the incidences of the parties' marriage," a trial court "is required to obtain *in personam* jurisdiction over both [of the spouses]." *Simpson [v. O'Donnell],* 98 Nev. [516,] 518, 654 P.2d [1020,] 1021 [1982]. Thus,

a court must have personal jurisdiction over a nonresident spouse in order to validly adjudicate matters of alimony or spousal support; the distribution or division of property; rights to child custody; and the award of child support.

[¶ 12] In *Anderson v. Anderson*, 449 N.W.2d 799, 800 (N.D.1989), in the context of a North Dakota divorce action, this Court reviewed a child-custody determination under the Uniform Child Custody Jurisdiction Act. The district court declined to exercise jurisdiction over the child-custody determination for a child with a home state in New York and no significant connection to North Dakota. *Id.* The court then entered an order stating the "domestic relations litigation shall address all matters essential to the termination of the marriage contract ... excepting therefrom the matter of child custody, child support and visitation of the minor child by the non-custodial parent." *Id.* at 800 n. 1. Although the matters essential to the termination of the marriage contract remained pending in the district court, this Court exercised appellate jurisdiction to review the issue involving dismissal of the child-custody claim. *Id.* This Court determined the district court's order constituted an implied severance of the custody claim and stated any claim against a party may be severed and proceeded with separately under N.D.R.Civ.P. 21, in which case a certification under N.D.R.Civ.P. 54(b) is not required to make the severed decision appealable. *Anderson*, at 800 n. 1.

■ [¶ 13] Rule 21, N.D.R.Civ.P., generally applies to misjoinder and nonjoinder of parties and authorizes a court to "sever any claim against a party." Severed claims are appealable without a certification under N.D.R.Civ.P. 54(b). *Anderson*, 449 N.W.2d at 800 n. 1; *Federal Land Bank v. Wallace*, 366 N.W.2d 444, 448 (N.D.1985). In *Anderson*, at 800 n. 1, this Court treated the trial court's refusal to exercise jurisdiction over the child-custody determination as an order severing the jurisdictional claim and considered that issue on appeal. In *Wallace*, at 448, a mortgage foreclosure action against the Wallaces, the trial court entered an oral order severing the Wallaces' cross-claim against a third party, and this Court reviewed a judgment on the merits of the foreclosure action on appeal after stating a N.D.R.Civ.P. 54(b) certification was not necessary to make that judgment appealable.

[¶ 14] Here, except for a jurisdictional issue under the doctrine of abatement, no other jurisdictional issue is present, and the district court did not explicitly sever the dissolution of the parties' marital status from the property distribution. In the absence of a statute establishing finality for orders about the parties' marital status, we decline to extend the narrow decision for an implied severance of a jurisdictional issue in *Anderson* to this case, because that result would create an exception to the law of abatement and our finality jurisprudence. *See Boudreau v. Slaton*, 9 So.3d 495, 500 (Ala.Civ.App. 2008) (declining to create exception to law of abatement allowing separate finality for order for marriage status and for property distribution and explaining that creation of an exception was the province of the legislature).

[¶ 15] Under this Court's finality jurisprudence, we conclude Sharleen Albrecht's death before entry of a final judgment from which an appeal could be taken abated the divorce action. We therefore reverse the divorce judgment and remand for dismissal of the divorce action.

### III

[¶ 16] We reverse the judgment and remand for dismissal of the divorce action.

[¶ 17] LISA FAIR McEVERS, J., concurs.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 18] I agree with and have signed Justice Sandstrom's opinion for the Court. I write to note that if a N.D.R.Civ.P. 54(b) order had been part of the October 12, 2012 judgment or order for judgment or if the order for judgment had contained a provision allowing either party to marry immediately, I would consider the order final and the marriage dissolved, notwithstanding the reservation by the trial court of the issue of property division. Under N.D.C.C. § 14–05–02, "It is the duty of the court granting a divorce to specify in the order for judgment whether either or both of the parties shall be permitted to marry, and if so, when." In the past I have seen orders for judgment and judgments dissolving the marriage and expressly allowing the parties to remarry while reserving issues of property division, spousal support and parenting rights and responsibilities for later determination. If we did not recognize such orders as final orders, the validity of a marriage entered into by one of the parties before those issues were determined could be in doubt. Here, if the trial court intended the October 12, 2012 judgment to be a final judgment dissolving the marriage, the judgment should have indicated as much. Neither the order for judgment nor the judgment contained either of these provisions and therefore the October 12, 2012 judgment was not a final judgment.

[¶ 19] GERALD W. VANDE WALLE, C.J.

CROTHERS, Justice, dissenting.

[¶ 20] I respectfully dissent. Instead of treating this case as merely an application of N.D.R.Civ.P. 54(b), I would affirm after concluding that the action did not abate, that the district court exercised its discretion and severed the divorce action from the property distribution proceeding and that the district court's allocation of marital property was not clearly erroneous.

[¶ 21] The majority opinion follows our Rule 54(b) jurisprudence and overlooks the reality that a divorce action and the marital property division cannot always occur simultaneously. Legitimate delays sometimes occur in resolving property matters during the process of assembling financial information, obtaining appraisals or awaiting resolution of rights to property in other proceedings. *See, e.g., Shannon v. Shannon,* 2012 ND 222, ¶ 10, 822 N.W.2d 35 (resolution of husband's claims against medical insurer prevented property distribution in divorce). The holding also exposes divorcing parties who rely on what purports to be a "judgment" of the court to the risks as highlighted in Chief Justice VandeWalle's separate opinion.

[¶ 22] Treating the district court's entry of a divorce judgment as a severance of the claim is consistent with our law recognizing marital dissolution proceedings have two distinct components that can be adjudicated separately. "Divorce proceedings typically contain two principal components: (1) the dissolution of the marital status, and (2) the adjudication of the incidences of the marriage. The 'divisible divorce' doctrine recognizes that each of these components have 'distinct and separate jurisdictional foundations.'" *Kelly v. Kelly,* 2009 ND 20, ¶ 9, 759 N.W.2d 721 (citation omitted). As a result, a divorce and an adjudication of the incidents of divorce can occur in different courts in different jurisdictions. *Id.* It would be wholly inconsistent with the holding in *Kelly* to conclude one court cannot sever the claims and adjudicate them to judgment in separate proceedings.

[¶ 23] Here, the district court separated trial of the divorce and trial of property division. Trial on the divorce was conduct-

ed October 1, 2012. Findings of fact, conclusions of law and order for judgment on the divorce were entered October 18, 2012. The October 18, 2012 order expressly directed entry of judgment. The judgment of divorce was entered October 19, 2012. The order and judgment both acknowledged all property distribution issues including pensions and medical benefits and debt were reserved for future proceedings. On March 5, 2013, trial was conducted on the reserved property issues and a separate judgment was subsequently entered.

[¶ 24] The district court did not explain the basis for its separation of the divorce from the property distribution. I would treat the court's October 19, 2012 judgment as a severance of claims, as permitted under N.D.R.Civ.P. 21 ("The court may also sever any claim against a party."). Upon severance, judgment can be entered after adjudication and the adjudicated claim is subject to appeal without Rule 54(b) certification. *Anderson v. Anderson*, 449 N.W.2d 799, 800 n. 1 (N.D. 1989) ("Under Rule 21, NDRCivP, any claim against a party may be severed and proceeded with separately, and the trial court is not required to make a Rule 54(b) determination to make the judgment or order appealable. *Federal Land Bank v. Wallace*, 366 N.W.2d 444 (N.D.1985)."). It should be noted that permitting severance of the divorce from an adjudication of incidences of marriage is a narrow holding. The procedure and result in this one area of law should not be read as granting license for piecemeal adjudication of cases in other areas of civil law. Rather, outside of marital dissolution and the doctrine of divisible divorce, I expect this Court will continue to rely on our long-standing Rule 54(b) jurisprudence. *See* Majority opinion at ¶¶ 9–10.

[¶ 25] Even considering matters in this case as I would, the district court's October 18, 2012 order and the October 19, 2012 judgment both stated, "Neither party shall pay to the other alimony, spousal support or maintenance. Upon entry of judgment, the Court shall be divested of jurisdiction regarding alimony, spousal support or maintenance." We consistently have held that spousal support and property division are interrelated and intertwined and must be considered together. *Kosobud v. Kosobud*, 2012 ND 122, ¶ 14, 817 N.W.2d 384. Spousal support is an "incident of marriage" rather than an element of the divorce itself. Therefore, while harmless in this case because of the final property distribution (which I would affirm), the district court erred in considering "alimony, spousal support or maintenance" as part of what I consider the severed divorce claim.

[¶ 26] CAROL RONNING KAPSNER, J., concurs.