# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 8

Heather Leeann Presswood,                                               Plaintiff

     v.

Warren Leonard Runyan, III,                          Defendant and Appellant

## No. 20190261

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Mark  T. Blumer, Judge.

DISMISSED.

Opinion of the Court by Jensen, Chief Justice, in which Justices Crothers, McEvers, and Tufte joined.  Justice VandeWalle filed an opinion concurring specially.

Heather L. Presswood, plaintiff; no appearance.

Jonathan L. Green, Wahpeton, ND, for defendant and appellant; submitted on brief.

# Presswood v. Runyan
## No. 20190261

**Jensen, Chief Justice.**

[¶1]   Warren Runyan appeals from a judgment granting Heather Presswood's request for divorce while reserving division of the parties' property and allocation of the parties' debt.  Runyan argues the district court erred in granting the divorce because Presswood failed to file a brief in support of her motion and he was denied due process by the court's failure to rule on his objection to Presswood's motion.  We dismiss the appeal, concluding the judgment is not final and is not appealable.

I

[¶2]   Presswood initiated divorce proceedings seeking a decree of divorce based on irreconcilable differences, an equitable division of the parties' property, and an equitable allocation of the parties' debts.  Runyan's answer included a counterclaim asserting infidelity as the reason the divorce should be granted.

[¶3]   Presswood filed a motion requesting the entry of a decree of divorce based on irreconcilable differences and reserving the property distribution and debt allocation for resolution on a later date.  Runyan objected to the motion asserting the divorce should not be entered upon a finding of irreconcilable differences.

[¶4]   Without a hearing the district court granted Presswood's motion for a divorce based on a finding of irreconcilable differences.  A judgment was entered granting a judgment of divorce while reserving the division of property and allocation of debt.  The district court did not certify the judgment as final under N.D.R.Civ.P. 54(b), did not sever the issue from the action under N.D.R.Civ.P. 21, and did not include within the judgment a provision allowing the parties to immediately remarry.

[¶5]   Runyan initiated this appeal requesting the judgment be reversed.  He asserts Presswood's motion was not properly before the court because she

failed to file a supporting brief. He further argues he was denied due process as the result of the district court's failure to rule on his objection to the entry of a judgment for divorce based on irreconcilable differences.

II

[¶6]   The right to appeal is governed by statute and, absent a statutory basis for the appeal, we must dismiss the appeal. *James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 8, 908 N.W.2d 108. This Court's appellate jurisdiction is governed by N.D.C.C. § 28-27-01 which provides, in relevant part, "[a] judgment or order in a civil action . . . in any of the district courts may be removed to the supreme court by appeal as provided in this chapter." We have previously held that "[o]nly those judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable." *Id.* (quoting *In re A.B.*, 2005 ND 216, ¶ 5, 707 N.W.2d 75). The right to appeal is jurisdictional and, if we conclude we do not have jurisdiction, we will dismiss an appeal on our own motion. *Id.*

[¶7]   This Court has previously considered whether a judgment granting the parties' request for divorce and reserving the determination of property division and debt allocation is a final judgment. *Albrecht v. Albrecht*, 2014 ND 221, ¶ 15, 856 N.W.2d 755. In *Albrecht*, the district court entered a judgment granting the parties' request for divorce but reserving disposition of other issues. *Id.* at ¶ 2. The district court did not certify the judgment as final pursuant to N.D.R.Civ.P. 54(b), sever the issue from the action under N.D.R.Civ.P. 21, or include within the judgment a provision allowing the parties to remarry. *Id.* at ¶¶ 9-10, 14. The majority of this Court concluded the judgment was not a final order from which appeal could be taken absent certification as a final order under N.D.R.Civ.P. 54(b), and also concluded N.D.R.Civ.P. 21 allowing for a severance of the issue did not apply to the proceedings. *Id.* Chief Justice VandeWalle, in a concurring opinion, noted he would have found the judgment to be final if the district court had included either a Rule 54(b) order certifying the divorce as final or a provision allowing the parties to immediately remarry. *Id.* at ¶ 18.

[¶8]  In this case, the district court entered a judgment granting the request for a divorce and reserving issues for future determination.  As in *Albrecht*, the court did not certify the judgment as final pursuant to N.D.R.Civ.P. 54(b).  We conclude the judgment of divorce was not a final judgment for the purpose of an appeal.

### III

[¶9]  The right to appeal is jurisdictional and this Court will dismiss an appeal for lack of jurisdiction on our own motion.  The judgment from which Runyan has appealed was not final, did not give rise to a right to appeal, and we dismiss the appeal.

[¶10] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte

**VandeWalle, Justice, concurring specially.**

[¶11] The order for judgment and the judgment in this case refer to and are titled "BIFURCATED JUDGMENT AND DECREE OF DIVORCE."  The order for judgment and the judgment contain the language:  "[T]he bonds of matrimony existing between the Plaintiff and Defendant be, and they hereby

are dissolved forever. Each party is entitled to, and are hereby granted, a decree of divorce from the other on the grounds of irreconcilable differences. Their marital relationship is hereby terminated and dissolved." As the majority notes, the judgment did not include a provision complying with N.D.C.C. § 14-05-02, which states in part: "[N]either party to a divorce may marry except in accordance with the decree of the court granting the divorce. It is the duty of the court granting a divorce to specify in the order for judgment whether either or both of the parties shall be permitted to marry, and if so, when."

[¶12] While it may have been the intent of the trial court that the parties may remarry immediately and that the decree of divorce be immediately appealable, the judgment did not comply with N.D.C.C. § 14-05-02 nor N.D.R.Civ.P. 54(b). Accordingly, I concur in the result reached by the majority opinion. *Albrecht v. Albrecht*, 2014 ND 221, ¶ 18, 856 N.W.2d 755 (VandeWalle, C.J., concurring specially).

[¶13] Gerald W. VandeWalle

4