FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 17, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 306

Adam G. Sather,                                                    Plaintiff and Appellee

v.

Amber M. Sather,                                                Defendant and Appellant

## No. 20200137

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Kristin A. Overboe, Fargo, ND, for plaintiff and appellee.

Joshua Nyberg, Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Amber Sather appeals from an amended order for judgment and divorce judgment that included a parenting plan for the parties' children. She argues the district court erred by failing to include certain parenting plan provisions in the judgment. Adam Sather argues this Court lacks jurisdiction and he should be awarded costs and attorney's fees. We reverse and remand for further proceedings.

I

[¶2]   Amber Sather and Adam Sather were married in 2001, and have three minor children. In January 2020, the parties entered into a stipulated divorce agreement. Prior to entry of judgment, Amber Sather objected to the proposed order for judgment, arguing the parties did not agree on dividing the costs of the children's extracurricular activities or daycare, which was contained in the proposed order. She also objected to the proposed order not providing equal parenting time during the summer, and not addressing decision-making responsibility, parental rights, children's rights, residence of the children, and conflict resolution.

[¶3]   In February 2020, the district court held a hearing on Amber Sather's objections. The court concluded the parties did not agree to equally divide the children's extracurricular activities or daycare, and ordered that paragraph be removed. Further, the court ordered the provisions of N.D.C.C. § 14-09-32(1), regarding parental rights and responsibilities, be included in the judgment. The court, however, denied Amber Sather's request to include provisions on summer parenting time and decision-making responsibility, stating a party would need to file a motion to address those issues. The court issued an amended order for judgment, and judgment was entered accordingly.

## II

[¶4]   Adam Sather argues this Court lacks jurisdiction because Amber Sather did not appeal from a final judgment.

[¶5]   The Court's appellate jurisdiction is governed by N.D.C.C. § 28-27-01 which provides, in relevant part, "[a] judgment or order in a civil action . . . in any of the district courts may be removed to the supreme court by appeal as provided in this chapter." "Only those judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable." *In re A.B.*, 2005 ND 216, ¶ 5, 707 N.W.2d 75. In *Presswood v. Runyan*, we held a divorce judgment, which reserved the determination of property division and debt allocation, was not final and dismissed the appeal. 2020 ND 8, ¶ 9, 937 N.W.2d 279. We noted that the district court did not certify the judgment as final under N.D.R.Civ.P. 54(b). *Presswood*, at ¶ 8.

[¶6]   Here, the district court did not certify the judgment as final under N.D.R.Civ.P. 54(b). However, the court issued a comprehensive divorce judgment, ruling on all matters presently before it. During the February 2020 hearing, the court overruled Amber Sather's objection to equal summer parenting time and stated, "Somebody will need to make a motion if that needs to be addressed." The court similarly stated regarding decision-making responsibility, "Any request to modify that then will have to be addressed in a motion." This case is different from *Presswood* because the court here did not reserve any determination. Instead, the court said a party could move to modify the judgment if something further needed to be addressed. This is not a case of the court "adjudicat[ing] fewer than all the claims or the rights and liabilities of fewer than all the parties." N.D.R.Civ.P. 54(b). Thus, the divorce judgment is final, an appeal may be taken, and we have jurisdiction.

## III

[¶7]   Amber Sather argues the district court erred by failing to include provisions in the judgment related to decision-making responsibility, dispute

resolution, transportation and exchanges, summer parenting time, the children's rights, and the children's residence.

[¶8] If the district court does not make required findings, it errs as a matter of law, and remand for additional findings is necessary. *Horsted v. Horsted*, 2012 ND 24, ¶ 5, 812 N.W.2d 448. Section 14-09-30, N.D.C.C., provides:

> "1. In any proceeding to establish or modify a judgment providing for parenting time with a child, the parents shall develop and file with the court a parenting plan to be included in the court's decree. If the parents are unable to agree on a parenting plan, the court shall issue a parenting plan considering the best interests of the child.
>
> 2. A parenting plan must include, at a minimum, provisions regarding the following or an explanation as to why a provision is not included:
>
> > a. Decisionmaking responsibility relative to:
> >
> > > (1) Routine or day-to-day decisions; and
> > >
> > > (2) Major decisions such as education, health care, and spiritual development;
> >
> > . . . .
> >
> > c. Legal residence of a child for school attendance;
> >
> > d. Residential responsibility, parenting time, and parenting schedule, including:
> >
> > > (1) Holidays and days off from school, birthday, and vacation planning;
> > >
> > > (2) Weekends and weekdays; and
> > >
> > > (3) Summers;
> >
> > e. Transportation and exchange of the child, considering the safety of the parties;

. . . .

g. Methods for resolving disputes."

[¶9]   The district court did not issue a parenting plan considering the best interests of the children under N.D.C.C. § 14-09-30(1) because the parties stipulated to a parenting plan, which was read into the record and included in the judgment. The judgment provides the children's legal residence shall be the residence of Adam Sather. However, the parties' parenting plan did not address decision-making responsibility, dispute resolution, transportation and exchanges, and summer parenting time. During the February 2020 hearing, the court denied Amber Sather's request to include provisions on summer parenting time and decision-making responsibility. Additionally, the judgment does not have provisions regarding dispute resolution, and transportation and exchanges.

[¶10] Section 14-09-30, N.D.C.C., requires all parenting plans, including plans stipulated to and adopted by the court, to contain provisions regarding decision-making responsibility, dispute resolution, transportation and exchanges, and summer parenting time; or an explanation as to why the provisions were not included. *See also* N.D.C.C. § 14-09-31 (discussing decision-making responsibility and dispute resolution). The parenting plan did not include these provisions or explain why they were not included. Thus, the district court erred by adopting the parties' parenting plan without either all of the information in N.D.C.C. § 14-09-30(2) being included, or after considering the best interests of the children as required by N.D.C.C. § 14-09-30(1), providing its own findings regarding the same.

[¶11] Amber Sather argues the district court erred by failing to include in the judgment the language of N.D.C.C. § 14-09-07. Section 14-09-07, N.D.C.C., is titled "Residence of child" and refers to the process in which a parent may change a child's residence to another state. During the February 2020 hearing, the court stated, "Those boiler plates on the statute, parental rights, children's rights, residence of the children, that should be reflected in the judgment in case we ever have to show any school or anything." However, the court went on to state, "So it is 14-09-32 is what I'm talking about." The court included the

4

provisions of N.D.C.C. § 14-09-32(1) in its judgment. Amber Sather does not provide support for her argument that the court erred by failing to include the language of section 14-09-07 in the judgment, and we conclude such is not required under the law.

IV

[¶12] Adam Sather requests costs and attorney's fees under N.D.R.App.P. 38. Because the appeal is not frivolous, we deny his request.

[¶13] We reverse the divorce judgment and amended order for judgment, and remand for further proceedings consistent with this opinion.

[¶14]  Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte