# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 133

Lucile Froehlich n/k/a Lucile Boutilie,                     Plaintiff and Appellee

    v.

Nicholas Froehlich,                                        Defendant and Appellant

    and

State of North Dakota,                          Statutory Real Party in Interest

## No. 20200308

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

DISMISSED.

Opinion of the Court by Jensen, Chief Justice.

Lucile Boutilie, self-represented, Eden Prairie, MN, plaintiff and appellee.

Nicholas Froehlich, self-represented, McClusky, ND, defendant and appellant.

**Jensen, Chief Justice.**

[¶1]  Nicholas Froehlich appeals from an amended judgment entered on September 7, 2018, and an interim order entered on August 25, 2020. Because the appeal of the amended judgment is untimely and the interim order is not an appealable order, we dismiss the appeal.

I

[¶2]  Nicholas Froehlich and Lucile Froehlich (n/k/a Lucile Boutilie) were married in 2009, and together they have two minor children. Their divorce proceedings commenced in 2015. In March 2016, pursuant to the parties' stipulation, the district court entered a divorce decree and judgment granting Boutilie primary residential responsibility of both children. On September 7, 2018, the court entered an amended divorce judgment granting Boutilie permission to relocate to another state with the two children and modifying the parenting time schedule.

[¶3]  On January 10, 2020, Boutilie filed a motion to modify the parenting plan and requested restrictions be placed on Froehlich's parenting time. Boutilie filed an accompanying motion for an ex parte interim order which requested the same relief as the underlying motion to modify the parenting plan. The district court denied the motion for the ex parte order and directed Boutilie to schedule a hearing. On February 17, 2020, Boutilie filed a motion for an interim order to modify the parenting plan.

[¶4]  The hearing on Boutilie's motion for an interim order was delayed for several months and was eventually held on August 6, 2020. On August 25, 2020, the district court entered an interim order that granted Boutilie's requested relief and placed restrictions on Froehlich's parenting time until further order. The court has not yet entered a judgment on Boutilie's underlying motion to modify the parenting plan nor has a hearing been scheduled on the matter.

[¶5]   Froehlich appeals from the amended divorce judgment entered on September 7, 2018, challenging the decision allowing Boutilie to relocate with the parties' children out-of-state. Froehlich also appeals the interim order entered on August 25, 2020, challenging the restrictions imposed on his current parenting time.

## II

[¶6]   On appeal from the amended divorce judgment entered on September 7, 2018, Froehlich argues the district court's decision permitting Boutilie to relocate the children was clearly erroneous. The time for filing an appeal is governed by N.D.R.App.P. 4(a)(1). Under N.D.R.App.P. 4(a)(1), a party has 60 days from service of notice of entry of the judgment to file an appeal. In this case, notice of entry of the amended divorce judgment was served on September 10, 2018. Froehlich filed a notice of appeal on November 16, 2020. Froehlich did not appeal within 60 days from service of notice of entry of the judgment. Therefore, the appeal from the amended divorce judgment entered on September 7, 2018, is untimely and not properly before this Court.

## III

[¶7]   On appeal from the interim order entered on August 25, 2020, Froehlich argues the district court improperly placed restrictions on his parenting time. Boutilie argues this Court lacks jurisdiction over the appeal because the interim order is interlocutory.

[¶8]   Only judgments constituting a final judgment of the rights of the parties and certain orders enumerated by statute are appealable. *Sather v. Sather,* 2020 ND 259, ¶ 5, 952 N.W.2d 98. "The right to appeal is jurisdictional and, if we conclude we do not have jurisdiction, we will dismiss an appeal on our own motion." *Presswood v. Runyan,* 2020 ND 8, ¶ 6, 937 N.W.2d 279. Generally, an interlocutory order is not appealable and may be revised or reconsidered any time before a final order or judgment is entered. *Martinson v. Martinson,* 2010 ND 110, ¶ 19, 783 N.W.2d 633. An interim order is interlocutory and subject to revisions prior to a final order. *Id.*; *see Martodam v. Martodam,* 2020 ND 70, ¶ 7, 940 N.W.2d 664 ("[A] final judgment supersedes the interim order's

2

parenting provisions, which are by nature temporary.") (Citation and quotation marks omitted.)

[¶9] Boutilie filed a motion for an interim order seeking the same relief requested in her motion to modify the parenting plan. The issuance of the interim order was delayed, and the order ultimately granted most, if not all, of the requested relief in the underlying motion to modify the parenting plan. Froehlich's appeal raises questions whether the "interim" order was, in effect, a final order.

[¶10] When directing the parties to submit their respective proposed findings of fact and proposed interim order, the district court expressly noted its order was intended to remain in place during the interim and would not constitute the final order to modify the parenting plan. The court directed the parties as follows:

> THE COURT: All right. Ms. Sambor, you know, basically the time is up. What you can do and what Mr. Froehlich can do is you can submit some proposed findings and then a proposed order, what you're asking for, and I'll decide what should happen. Mr. Froehlich can also. This was just on the interim order, whether or not something should be changed or ordered during the interim. We still would have to have a hearing, maybe. I don't know if it's scheduled already on the actual motion, the underlying motion for a change in the parenting plan. I don't recall if we have a time for that yet.
>
> MS. SAMBOR: Your Honor, I don't believe we have a set evidentiary hearing.
>
> THE COURT: All right. So if you can get that information to me within, you know, ten days from both parties at the same time.
>
> .   .   .
>
> MS. SAMBOR: And, Your Honor, just to clarify, would you like a summation of our position as well as a proposed parenting— changes to the parenting plan?

3

THE COURT: Well, basically, just for the interim, yes.

MS. SAMBOR: Okay.

THE COURT: Okay. Do you understand that, Mr. Froehlich?

MR. FROEHLICH: So what I'd need to send is not for the actual parenting plan, but for the interim?

THE COURT: Yes, that's correct. All right. That's all. We're going to conclude the hearing. Thank you.

[¶11] The district court clearly articulated its intent to grant interim relief by establishing that the restrictions on Froehlich's parenting time were to be effective only until further order by the court. The court also directed that the order permit Froehlich to petition the court to remove the restrictions on his parenting time. Moreover, the court anticipated a separate evidentiary hearing would be held on the underlying motion to modify the parenting plan. We conclude the interim order does not constitute a final order or judgment for purposes of appeal. The interim order entered on August 25, 2020, is interlocutory and not currently appealable.

IV

[¶12] Because the appeal from the September 7, 2018 amended divorce judgment is untimely and the August 25, 2020 interim order is not currently appealable, we lack jurisdiction and dismiss Froehlich's appeal.

[¶13] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte